(80 App. Div. 369.)

### In re SCOTT'S WILL.

(Supreme Court, Appellate Division, Second Department.   March 13, 1903.)

1. WILLS—PROBATE—COMMISSION TO TAKE TESTIMONY—CONDITIONS.

In a proceeding for the probate of a will and a codicil thereto, the former executed in the United States and the latter in Holland, a legatee under the codicil, who contends testatrix's domicile at the time of her death was in Holland, should not, as a condition to issuance of a commission to take testimony there, be required to indemnify the estate against expense incurred by appointment of a temporary administrator, and to give security for costs that may be awarded against him in case of final defeat; the executor, rather than the legatee, being responsible for any delay in the matter, as it was his duty, as proponent of the codicil, to procure and lay before the court such evidence as was necessary to establish it.

Appeal from Surrogate's Court, Kings County.

In the matter of the probate of the will and codicil thereto of Constantia A. P. Scott, deceased.  From an order, so far as it requires Hendricus Vander Heyden, a legatee under the codicil, to give security for costs and an undertaking of indemnity as a condition for issuance of a commission to take testimony in Holland, he appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, HIRSCHBERG, and HOOKER, JJ.

William H. Hamilton, for appellant.
Charles H. Kelby, for respondents.

PER CURIAM.   This is a proceeding for the probate of the last will and testament of Constantia A. P. Scott, deceased, and of a codicil to the said will.   The will which is offered for probate was executed in this country, and the codicil was executed in the Netherlands.   The appellant, who is a resident of Holland, is a legatee under the codicil, and contends that the domicile of the testatrix was in Holland at the time of her death.   In order to take the testimony of the subscribing witnesses to the codicil and to establish the domicile of the testatrix, the appellant applied to the Surrogate's Court for a commission to take testimony in Holland.   This application was granted, but only upon condition, first, that the appellant should indemnify the estate against the expense which has been or may be incurred by reason of the appointment of a temporary administrator; and, secondly, that he should give security for costs, if any, which may be awarded against him in case of final defeat.   He has appealed to this court from that portion of the order of the surrogate which imposes these conditions.

We think that the conditions should not have been exacted.   It is to the interest of all the parties interested in the estate that the evidence sought by the appellant should be taken.   In requiring indemnity and security as a condition for permitting the commission to issue, the learned surrogate appears to have been influenced by the idea that the appellant had been guilty of unnecessary delay in making the application, and had, therefore, put the estate to the

expense of temporary administration, which otherwise might have been avoided. In our opinion, however, the executor, rather than this legatee, should be held responsible for such delay as has occurred. As the proponent of the codicil, it was his duty to procure and lay before the court such evidence as was necessary and appropriate to establish it, and it was only incumbent upon the appellant to do this when it became apparent that the executor would not. Under all the circumstances it seems unduly harsh to impose a penalty upon the appellant for delaying to do what he had a right to expect would be done by the executor himself. We are compelled to regard the imposition of the conditions in the order under review as an abuse of discretion, within the doctrine of the Matter of Selleck, 111 N. Y. 284, 19 N. E. 66, and for this reason conclude that the order, so far as appealed from, should be reversed.

Order of the Surrogate's Court of Kings County, so far as appealed from, reversed, with $10 costs and disbursements.

Argued before GOODRICH, P. J., and BARTLETT, HIRSCHBERG, JENKS, and HOOKER, JJ.